UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

BRIAN BLOCK,
                    Defendant.

16-CR-595 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Defendant Brian Block was convicted on all counts of a six-count indictment following a jury trial in June and July of 2017. The offenses relate to Block's fraudulent preparation of financial statements in 2014 for American Realty Capital Properties, Inc. ("ARCP"), a publicly traded real estate investment trust for which Block served as Chief Financial Officer.

Block has filed a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (Dkt. Nos. 118 & 119.) The Government has filed a memorandum in opposition to the motion. (Dkt. No. 150.) For the reasons that follow, the motion is denied.

I

Rule 29 provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). A defendant challenging the sufficiency of the evidence to support a conviction under Rule 29, however, "bears a heavy burden." *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001). The court must "review all of the evidence presented at trial 'in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government.'" *United States v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999) (quoting *United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996)). All credibility issues must be resolved "in favor of the jury's verdict." *United States v. Desena*, 260 F.3d 150, 154 (2d Cir. 2001).

1

"The jury verdict must be upheld if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

II

In moving pursuant to Rule 29, Block does not present any particular ground for acquittal, but asserts that "the Government has simply failed to carry its burden." (Dkt. No. 119, at 4.) Based on a review of the evidence at trial and the applicable law, the Court concludes that each of the six counts of conviction was sufficiently supported by the evidence to justify the jury's verdict.

Counts Three and Four charge Block with making false filings with the SEC (the Form 10-Q and the Form 8-K, respectively, both dated July 29, 2014). The evidence at trial established that the 10-Q contained a materially false statement: an AFFO (adjusted funds from operations) calculation that was inflated by approximately $13 million. The evidence established that the 8-K also contained materially false statements: the inflated AFFO number; a manipulated weighted average share count for the six months ending June 30, 2014; and an inflated AFFO-per-share calculation. The testimony and documentary evidence at trial amply supported the jury's finding that Block knowingly and willfully inserted "plug" numbers in these filings without any basis in ARCP's books and records.

Count Two charges Block with securities fraud. The evidence at trial established that Block employed a device, scheme, or artifice to defraud and that he caused an untrue statement of material fact to be made in connection with the purchase or sale of ARCP's securities. Specifically, the jury rationally found, based on the evidence, that Block participated in a scheme to fraudulently inflate AFFO and AFFO-per-share numbers in ARCP's SEC filings, that these

2

numbers were important to ARCP investors, that the misstatements were material, and that Block acted knowingly, willfully, and with intent to defraud.

Counts Five and Six charge Block with making false certifications to the SEC. The evidence was sufficient to permit a rational jury to find beyond a reasonable doubt that Block falsely certified: (1) that he was aware of no fraud at ARCP (Count Five) and (2) that the 10-Q fairly presented the financial condition of ARCP in all material respects (Count Six). Based on the evidence of Block's own manipulation of ARCP's AFFO and AFFO-per-share results, the jury rationally concluded beyond a reasonable doubt that these certifications were false, material, and made knowingly and willfully.

Finally, Count One charges Block with conspiracy to commit securities fraud, to make false filings with the SEC, and to falsify books and records. Viewed favorably to the Government, the evidence was sufficient to permit the jury to find that Block knowingly entered into an agreement with co-conspirators McAlister and Steel to carry out the fraud and falsifications discussed above. The evidence was also sufficient to support the jury's finding that Block completed overt acts in furtherance of the conspiracy, including his creation of the spreadsheet that contained the plug numbers in furtherance of the fraudulent scheme.

III

For the foregoing reasons, Block's motion for judgment of acquittal under Rule 29 is DENIED.

SO ORDERED.

Dated: October 24, 2017
      New York, New York

_____
J. PAUL OETKEN
United States District Judge