UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

BRIAN BLOCK,

                Defendant.

16-CR-595 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Defendant Brian Block was convicted on all counts of a six-count indictment following a jury trial in June and July of 2017. The offenses relate to Block's fraudulent preparation in 2014 of financial statements for American Realty Capital Properties, Inc. ("ARCP"), a publicly traded real estate investment trust for which Block served as Chief Financial Officer.

    Block has filed a motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1). (Dkt. Nos. 167 & 168.) The Government has filed a memorandum in opposition to the motion (Dkt. No. 175), and Block has filed a reply memorandum (Dkt. No. 176). For the reasons that follow, the motion is denied.

I

    A court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment . . . be detained" pending appeal unless the judicial officer finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . *and* . . . that the appeal is not for the purpose of delay *and raises a substantial question of law or fact likely to result in* (i) reversal, [or] (ii) an order for a new trial . . . ." 18 U.S.C. § 3143(b)(1) (emphasis added).

    A "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (quoting *United States v.*

1

*Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)) (internal quotation mark omitted). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

II

Block presents two sets of challenges that he contends raise substantial questions in connection with an appeal of his conviction: (1) sufficiency of the evidence; and (2) evidentiary rulings at trial.

A

First, Block argues that the Government's evidence of falsity and materiality was insufficient to support the jury's verdict.

A defendant challenging the sufficiency of the evidence to support a conviction "bears a heavy burden." *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001). The court must "review all of the evidence presented at trial 'in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government.'" *United States v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999) (quoting *United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996)). All credibility issues must be resolved "in favor of the jury's verdict." *United States v. Desena*, 260 F.3d 150, 154 (2d Cir. 2001). And "[t]he jury verdict must be upheld if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

As explained in this Court's decision denying Block's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, there was sufficient evidence to support the jury's

2

convictions on each count under this deferential standard. (*See* Dkt. No. 156.) On appeal, the Second Circuit will apply the same standard *de novo*. *See United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004).

Block argues that there was insufficient evidence of falsity to support the convictions. The Court disagrees. The Government was not required to establish falsity by expert testimony. And the trial testimony of Ryan Steele and Lisa McAlister was certainly sufficient—if credited by the jury, as it was—to support a finding that the "plug number" and share-count number inserted by Block into the financial statements were false.

Similarly, with respect to materiality, several witnesses testified that Block's misstatements were material. The jury, which was properly instructed regarding qualitative and quantitative materiality, had sufficient evidence to make a rational finding of materiality.

B

Block's second contention is that certain evidentiary rulings at trial present substantial questions on appeal. Specifically, he challenges (1) the admission of evidence of Block's compensation at ARCP, (2) the admission of evidence of Block's termination and certain evidence relating to the Audit Committee investigation, and (3) testimony regarding whether certain withheld information would have been important to auditor and investor witnesses.

None of these evidentiary challenges presents a substantial appellate question. First, the Court adheres to the conclusion that each of these rulings reflected a correct application of the Federal Rules of Evidence and the relevant law, for the reasons stated by the Court on the record and the reasons explained by the Government in its opposition memorandum. Second, because the Court of Appeals reviews evidentiary rulings under a deferential abuse-of-discretion standard, *see United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006), it is particularly unlikely that the convictions will be set aside on these grounds. And third, even if the Second

3

Circuit were to find that these rulings abused the Court's discretion, any error is likely to be harmless in light of the strong evidence of Block's guilt.

III

For the foregoing reasons, the Court concludes that Block has not presented any substantial questions of law or fact that are likely to result in reversal or a new trial. Accordingly, Block's motion for bail pending appeal is DENIED.

SO ORDERED.

Dated: December 22, 2017
      New York, New York

_____
J. PAUL OETKEN
United States District Judge